## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **EDEKKA LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 2:15-cv-543** |
| **v.** | |
| **ACTION ENVELOPE & PRINTING CO., INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff eDekka LLC ("Plaintiff" or "eDekka"), by and through its undersigned counsel, files this Original Complaint against Defendant Action Envelop & Printing Co., Inc. ("Defendant" or "AEP") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of United States Patent No. 6,266,674 ("the '674 patent") entitled "Random Access Information Retrieval Utilizing User-Defined Labels".  A true and correct copy of the '674 Patent is attached hereto as Exhibit A.  Plaintiff is the owner by assignment of the '674 patent.  Plaintiff seeks monetary damages and injunctive relief.

## PARTIES

2.      Plaintiff is a limited liability company organized and existing under the laws of the State of Texas.  Plaintiff maintains its principal place of business at 3400 Silverstone Drive, Suite 191, Plano, Texas 75023.

3.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 5300 New Horizon

Blvd. Amityville, New York, 11701. Defendant can be served with process through its registered

agent Sharon Newman, 11 Castle Drive, Woodbury, New York, 11797 or 5300 New Horizon Blvd.

Amityville, New York, 11701.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*,

including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

5.      This Court has subject matter jurisdiction over this case for patent infringement

under 28 U.S.C. §§ 1331 and 1338(a).

6.      The Court has personal jurisdiction over Defendant because: Defendant is present

within or has minimum contacts within the State of Texas and the Eastern District of Texas;

Defendant has purposefully availed itself of the privileges of conducting business in the State of

Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the

laws of the State of Texas; Defendant regularly conducts business within the State of Texas and

within the Eastern District of Texas; and Plaintiff's cause of action arises directly from

Defendant's business contacts and other activities in the State of Texas and in the Eastern District

of Texas.

7.      More specifically, Defendant, directly and/or through intermediaries, ships,

distributes, uses, offers for sale, sells, and/or advertises products and services in the United States,

the State of Texas, and the Eastern District of Texas including but not limited to the Accused

Instrumentalities as detailed below.  Upon information and belief, Defendant has committed patent

infringement in the State of Texas and in the Eastern District of Texas.  Defendant solicits and has

solicited customers in the State of Texas and in the Eastern District of Texas.  Defendant has

paying customers who are residents of the State of Texas and the Eastern District of Texas and

who each use and have used the Defendants' products and services in the State of Texas and in the Eastern District of Texas.

8.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district.

## COUNT I – PATENT INFRINGEMENT

9.      Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10.     The '674 patent was duly and legally issued by the United States Patent and Trademark Office on July 21, 2001 after full and fair examination.  Plaintiff is the owner by assignment of the '674 patent and possesses all rights of recovery under the '674 patent, including the exclusive right to sue for infringement and recover past damages and obtain injunctive relief.

11.     Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides methods, apparatus and/or systems that infringe the '674 patent.  The '674 patent provides, among other things, "Method for storing information provided by a user which comprises: (1) in response to user input, receiving and storing information; (2) in response to user input, designating the information as data while the information is being received; (3) in response to user input, designating at least a portion of the information as a label while the information is being received; (4) in response to user input, traversing a data structure and providing an indication of a location in the data structure; (5) in response to user input, storing the label at the location in the data structure; and (6) associating the label with the data."

12.     Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides methods, apparatus and/or systems that infringe the '674 patent.  The '674 patent provides, among other things, an "Apparatus for storing information provided by a user which comprises: (1) info

input means, in response to user input, for receiving and storing information; (2) data means, in response to user input, for designating the information as data while the information is being received; (3) label means, in response to user input, for designating at least a portion of the information as a label while the information is being received; (4) search means, in response to user input, for traversing a data structure and for providing an indication of a location in the data structure; (5) means, in response to user input, for storing the label at the location in the data structure; and (6) associating means, in response to user input, for associating the label with the data."

13.     Defendant directly or through intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products that infringed one or more claims of the '674 patent in this district and elsewhere in the United States. Particularly, Defendant makes, uses, provides, and/or offers Checkout, Shopping Cart, and/or Shopping Bag functionality on their website www.envelope.com and www.actionenvelope.com for customers in a way that infringes the '674 patent ("Accused Instrumentality").

14.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

15.     In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '674 patent complied with all marking requirements under 35 U.S.C. § 287.

16.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court

under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of

Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the

Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the
   claims, directly, and/or jointly, of the '674 patent;

B. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their
   officers, directors, agents servants, affiliates, employees, divisions, branches,
   subsidiaries, parents, and all others acting in active concert therewith from
   infringement, inducing the infringement of, or contributing to the infringement of
   the '674 patent, or such other equitable relief the Court determines is warranted;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the
   Defendant's acts of infringement together with pre-judgment and post-judgment
   interest;

D. That, should Defendant's acts of infringement be found to be willful from the time
   that Defendant became aware of the infringing nature of their actions, which is the
   time of filing of Plaintiff's Original Complaint at the latest, that the Court award
   treble damages for the period of such willful infringement pursuant to 35 U.S.C. §
   284;

E. That this Court declare this to be an exceptional case and award Plaintiff its

reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F.   Any further relief that this Court deems just and proper.

Dated: April 24, 2015                              Respectfully submitted,

                                                   By: */s/ Austin Hansley*
                                                   **AUSTIN HANSLEY P.L.L.C.**
                                                   Austin Hansley
                                                   Texas Bar No.: 24073081
                                                   Brandon LaPray
                                                   Texas Bar No.: 24087888
                                                   5050 Quorum Dr. Suite 700
                                                   Dallas, Texas 75254
                                                   Telephone:     (469) 587-9776
                                                   Facsimile:     (855) 347-6329
                                                   Email: Austin@TheTexasLawOffice.com
                                                   Email: Brandon@TheTexasLawOffice.com
                                                   www.TheTexasLawOffice.com
                                                   **ATTORNEYS FOR PLAINTIFF**
                                                   **EDEKKA LLC**